IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

| | |
|---|---|
| CROSSETT PAPER MILLS EMPLOYEES FEDERAL CREDIT UNION | PLAINTIFF and COUNTER DEFENDANT |
| VS. Case No. 05-CV-1025 | |
| CUMIS INSURANCE SOCIETY, INC. | DEFENDANT and COUNTER CLAIMANT |
| CUMIS INSURANCE SOCIETY, INC. | THIRD PARTY PLAINTIFF |
| VS. | |
| ROBERT JEFFERY GRAY; KIMBERLY GRAY; BRITNI GRAY, a minor through her parents & natural guardians Robert Jeffery Gray & Kimberly Gray; JEFFERY AARON GRAY, a minor through his parents & natural guardians Robert Jeffery and Kimberly Gray | THIRD PARTY DEFENDANTS |

## MEMORANDUM OPINION

Before the Court is Cumis Insurance Society, Inc.'s (hereinafter "Cumis") Motion for Summary Judgment. (Doc. 8) Crossett Paper Mill Employees Federal Credit Union (hereinafter "the Credit Union") has responded. (Doc. 18) Third Party Defendants have not filed a response. The Court finds the motion ripe for consideration.

### I. BACKGROUND

The Credit Union is a federally chartered credit union authorized to do business in Arkansas, with its principal place of business in Crossett, Arkansas. Cumis is a foreign corporation authorized to do business in Arkansas. This lawsuit arises out of a motor vehicle accident that occurred in Ashley County, Arkansas, on June 22, 2001, when a vehicle driven by

Latricia Polk collided with a vehicle occupied by members of the Gray family. In the subsequent state court litigation, the Gray family alleged that the accident was caused by the negligence of Polk in operating the motor vehicle. The Gray family also alleged the accident was caused by the negligence and negligent entrustment of the Credit Union. The Gray family based their negligent entrustment theory on the Credit Union loaning money to Polk for the purchase of the vehicle when it had knowledge that Polk did not have a license, could not obtain insurance, and was an alcoholic. The Gray also based the negligent entrustment theory on the Credit Union assisting Polk in obtaining a license for the vehicle, and failing to take steps to repossess the vehicle when she defaulted in making payments on the loan. The parties to the state court litigation reached a settlement.

Cumis issued a business liability policy to the Credit Union that provided coverage with a limit of $300,000, and also provided, as part of the same package of insurance, an excess policy with additional coverage of $1,000,000. These policies were in force from June 25, 2000 to June 25, 2001, which covered the period when Polk purchased the vehicle with a loan from the Credit Union and was involved in the accident. Coverage A in the policy provides coverage for bodily injury and property damage liability. An exclusion to Coverage A provides that the policy does not apply to, "'Bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of an aircraft, 'auto' or 'watercraft.'" (Doc. 8-6, p. 2)

On February 28, 2005, the Credit Union filed suit against Cumis in the Circuit Court of Ashley County, Arkansas, seeking a declaratory judgment that the policy provided coverage for the Gray family's settlement with the Credit Union and Polk. Thereafter, Cumis removed the declaratory judgment suit to this Court and filed an answer and counterclaim against the Credit

Union.  Under the counterclaim, Cumis sought its own declaratory judgment that the policy did not provide coverage for the Gray family's claims against the Credit Union and Polk.

Cumis' motion for summary judgment argues the exclusion set forth above applies in this case and it is not obligated to pay for the settlement reached on the Gray family's claims.  The Credit Union responds that the exclusion is not applicable and that Cumis is obligated to pay for the settlement.  The issue the Court must decide is whether the auto exclusion to coverage applies in this case.  The Credit Union and Cumis have agreed that the outcome of this coverage lawsuit will determine whether Cumis is liable for the payment to settle the Gray family's claims.  If it applies, there is no coverage and Cumis is not obligated to pay for the settlement.  If it does not apply, Cumis is not obligated to pay for the settlement of the Gray family's claims.

## II. DISCUSSION

The standard of review for summary judgment is well established.  The Federal Rules of Civil Procedure provide that when a party moves for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, show that there is no genuine issue as to a material fact and that the moving party is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c); *Krenik v. County of Le Sueur*, 47 F.3d 953 (8th Cir. 1995).  The Supreme Court has issued the following guidelines for trial courts to determine whether this standard has been satisfied:

> The inquiry performed is the threshold inquiry of determining whether there is a need for trial-whether, in other words, there are genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  *See also Agristor Leasing v. Farrow*,

826 F.2d 372 (8th Cir. 1987); *Niagra of Wisconsin Paper Corp. v. Paper Indus. Union-Management Pension Fund*, 800 F.2d 742, 746 (8th Cir. 1986).

The Court in *Scherr Const. Co. v. Greater Huron Development Corp.*, 700 F.2d 463, 465 (8th Cir. 1983)(quoting, *Burst v. Adolph Coors Co.*, 650 F.2d 930, 932 (8th Cir.1981)(emphasis added), a case involving the entry of summary judgment, stated:

> [w]hen a motion for summary judgment is made and supported by affidavits, the party opposing the motion may not rest on the allegations in his pleadings but must resist the motion by setting forth *specific facts* that raise a genuine issue of fact for trial.

A number of Arkansas cases cited by the parties and reviewed by the Court deal with the type of exclusion that is at issue in this case. One case, however, *Tri-State Ins. Co. v. Sing*, 41 Ark.App. 142, 850 S.W.2d 6 (Ark. Ct. App. 1993) is the most analogous. In *Sing*, the insurance company issued a general commercial liability to Big Cat, Inc. *Id.*, 41 Ark.App. at 143, 850 S.W.2d at 7. An employee of Big Cat, Inc., Perry Sing, was involved in a two-car accident while driving his own vehicle. The accident killed the driver of the other car, Kathy Conley. Conley's estate pursued an wrongful death suit against Sing and Big Cat, Inc., alleging Sing was acting within the scope and course of his employment with Big Cat, Inc. at the time of the accident. Sing and Big Cat, Inc. made a demand on the insurance company to defend the wrongful death suit, claiming the duty arose out of two insurance policies issued by the insurance company to Big Cat, Inc. *Id.* One of the two policies was a general commercial liability policy that excluded coverage for "'bodily injury' or 'property damage' arising out of the ownership, maintenance, use or entrustment to others of any aircraft, auto or watercraft owned or operated by or rented or loaned to any insured." *Id.*, 41 Ark.App. at 144, 850 S.W.2d at 7. The insurance company filed

4

a declaratory judgment suit against Sing and Big Cat, Inc. contending it had no duty to defend them in the wrongful death suit. *Id.*, 41 Ark.App. at 143-44, 850 S.W.2d at 7. The chancellor determined that the insurance company owed a duty to defend both Sing and Big Cat, Inc. under the commercial liability policy. *Id.*, 41 Ark.App. at 144, 850 S.W.2d at 7. The insurance company appealed, and the Arkansas Court of Appeals reversed, concluding there was no possibility that the wrongful death claim could fall within policy coverage in light of the exclusion mentioned above. *Id.*, 41 Ark.App. at 144-6, 850 S.W.2d at 7-8.

In discussing the exclusion's languages, the Court of Appeals wrote:

> The language in an insurance policy is to be construed in its plain, ordinary and popular sense. Here, the policy plainly excluded coverage for injuries 'arising out of the ... use ... of any auto ... owned or operated ... by any insured.' It is undisputed that the wrongful death action arose out of an accident involving Sing's operation of an automobile which he owned. By its clear language, the policy did not cover the claimed injuries.

*Id.*, Ark. App. at 145, 850 S.W.2d at 8. The Court of Appeals went on to discuss the purpose behind automobile exclusions in general liability insurance policies:

> [T]he insurance contract in question was a general commercial liability policy. As is stated in 7A Appleman, *Insurance Law and Practice*, (Berdal ed.), § 4500.04 (1979):
>> Liability insurance is generally written for a specific hazard in order to enable the underwriter to calculate premiums on some equitable as well as predictable basis. As a result, the hazard to be covered under each policy is carefully defined and others are excluded. Thus, any automobile liability policy will, generally, exclude manufacturing and other business activities *whereas a general liability policy provides protection only for the specific hazard for which premiums have been paid. All others are excluded, and unless the automobile hazard is included in a general liability policy, use of automobiles is excluded, or only covered within narrow limits such as on premises.*
>
> Contracts of insurance should receive a practical, reasonable and fair interpretation consonant with the apparent object and intent of the parties in the light of their

5

> general object and purpose. The terms of an insurance contract are not to be rewritten under the rule of strict construction against an insurer so as to bind the insurer to a risk which is plainly excluded and for which it has not paid. From our reading of the policy, the exclusion reflects the intent to exclude from coverage damages arising from the use of automobiles. Cogent evidence of such a construction is that Big Cat held a separate policy providing coverage for its automobiles.

*Id.*, 41 Ark.App. at 145-6, 850 S.W.2d at 8 (internal citations omitted).

The Court must find that the auto exclusion in the policy at issue applies to the Gray family's claims against Polk and the Credit Union, notwithstanding the Gray family's claims that the Credit Union' actions, such as financing the loan for Polk while having knowledge of her alcoholism, independently caused them damage. There can be not real doubt that the Gray family's claims arose out of the automobile accident and not the action of the Credit Union in loaning Polk money to purchase the car. Had the accident not occurred, the Gray family would not have suffered any damages. It is clear to the Court the accident caused by Polk does not represent a hazard the Credit Union and Cumis intended to insure under the policy at issue.

In its brief, the Credit Union has attempted to distinguish the cases cited by Cumis, including *Sing*, because the cases deal with automobile accidents involving insureds. Here, Polk is certainly not an insured, and under the Credit Union's reasoning the automobile exclusion does not apply to accidents caused by persons not insured under the policy. The problem with the Credit Union's reasoning is that the automobile exclusion at issue here is broader than the exclusion in *Sing* and the other cases. The exclusion in *Sing* excluded coverage for claims "arising out of the use ... of any ... auto ... *owned or operated by any insured*." *Id.*, 41 Ark.App. at 144, 850 S.W.2d at 7 (emphasis added). The exclusion in the insurance policy at issue here

6

excludes coverage for claims "arising out of the ... use .. of an 'auto' ... ."[1] Whether or not a person was insured or uninsured under the policy does not matter. The exclusion is not tied to any type of person who uses an auto. It excludes coverage for any use of *any* auto, regardless of who is using it.

The Credit Union also argues that Cumis cannot show the Credit Union entrusted the auto to Polk and therefore the auto exclusion does not apply. The automobile exclusion at issue does exclude coverage for claims "arising out of the ... use or entrustment to others of an ... 'auto' ... .'" (Doc. 8-6, p. 2) Even if the Court agreed with the Credit Union that it could not have entrusted the auto to Polk, the auto exclusion still applies because it excludes claims "arising out of the ... use *or* entrustment to others of an ... 'auto' ... ." *Id.* (emphasis added). It is enough that the Gray family's claims arise out of the use of an auto for the exclusion to apply. It is inescapable the Gray family's claims arose out of Polk using the auto that caused the accident. The Court must grant Cumis' motion for summary judgment on the basis that the automobile exclusion applies and excludes coverage for the Gray family's injuries and damages.

### III. CONCLUSION

For reasons discussed herein and above, the Court finds Cumis' Motion for Summary Judgment should be and hereby is **granted.** An order of even date shall issue.

IT IS SO ORDERED, this 2nd day of June, 2006.

                                                /s/ Harry F. Barnes
                                                Hon. Harry F. Barnes
                                                U.S. District Court

---

[1] Doc 8-6, p. 2